*Cornelius v. State of Vermont*, 634-10-16 Wncv (Teachout, J., Aug. 14, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 634-10-16 Wncv** |

**GARRETT M. CORNELIUS**
    **Plaintiff**

**v.**

**THE STATE OF VERMONT**
    **Defendants**

### DECISION
### The State's Motion for Summary Judgment

Plaintiff Garrett M. Cornelius claims that a State employee, Carl B. Davis, gave otherwise nonpublic Officer Safety Bulletins produced by the Vermont Intelligence Center (VIC), part of the Department of Public Safety, to a local media outlet, which published their content. The thrust of the Bulletins is that Mr. Cornelius's behavior had become bizarre, paranoid, and threatening and any officers having contact with him should exercise special caution. He claims that the representations in the Bulletins are false and offensive and harmed him when they were given to the media and published to the public. He characterizes his claims as invasion of privacy (false light) and fraudulent deceit. The State, the only defendant, has filed a motion for summary judgment to which Mr. Cornelius has not responded despite an enlargement of time for him to do so. The State's motion must be granted.

The VIC collects public safety information and disseminates it "in the form of Officer Safety Bulletins to federal, state, county, and municipal law enforcement officers, and to select government officials." Affidavit of Lieutenant Kevin Lane ¶ 5. According to the VIC's privacy policy, the bulletins are distributed only for public safety or prosecutorial purposes to those with official public safety duties. *Id*. ¶¶ 10, 12. They contain a warning: "Law Enforcement Sensitive / For Official Use Only." *Id*. ¶ 12. The VIC did not release the bulletins at issue in this case publicly or to the media and did not authorize anyone else to do that. *Id*. ¶¶ 13–14.

Someone apparently did, however. The newspaper article on Mr. Cornelius incorporated the content of the Bulletins extensively.

Mr. Cornelius alleges in the complaint that Mr. Davis did it. Mr. Davis has sworn, however, in his affidavit that he had nothing to do with the production of the Bulletins or their delivery to the media. Mr. Garrett has come forward with no evidence to the contrary or disputing this fact in any way. He also has come forward with no evidence that any agent of the State did it, and numerous non-State actors properly had access to the Bulletins.

The false light claim is contingent on the publicity the Bulletins received in the media and thus from whom the media obtained them. There is no evidence that Mr. Davis or any other

State actor had anything to do with it. The State is entitled to summary judgment on the false light claim on this basis, and the court need not address the other bases urged by the State.

It is unclear how the circumstances of this case could form the basis for either a fraud or deceit claim, which generally would require some transaction between the State and Mr. Cornelius, an intentional misrepresentation, and reliance on that misrepresentation by Mr. Cornelius to his detriment. In any event, the State retains sovereign immunity to claims of misrepresentation, deceit, and fraud pursuant to 12 V.S.A. § 5601(e)(6). It thus is entitled to summary judgment on this claim.

ORDER

For the foregoing reasons, the State's motion for summary judgment is granted.

Dated at Montpelier, Vermont this 14th day of August 2017.


_____
Mary Miles Teachout
Superior Judge